UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ARMANDO ORTIZ-RAMIREZ,

    Petitioner,

v.                                        Case No. 07-C-1043

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DISMISSING CASE

Armando Ortiz-Ramirez filed a motion under § 28 U.S.C. § 2255 on November 26, 2007. The court ordered an answer and advised that within forty-five days following the government's answer, Ortiz-Ramirez could file a reply under Rule 5(d) of the Rules Governing § 2255 Proceedings and/or a brief in support of his motion, responding to any issues raised by the United States in its answer. The United States filed its answer, but Ortiz-Ramirez failed to file a reply or a brief in support of his motion. Therefore, the court decides the case on Ortiz-Ramirez's motion, the government's answer, and the record from the underlying criminal case, Case No. 06-CR-190.

In a letter filed January 19, 2011, government counsel informed the court that Ortiz-Ramirez completed his term of imprisonment and on December 17, 2010, was removed from the United States to Mexico. Counsel for the United States argues that as a result of Ortiz-Ramirez's release and removal his § 2255 motion is moot, that the court need not keep the matter open on the docket until Ortiz-Ramirez indicates he wants to pursue the case, or that the matter has been abandoned. The United States then asks that the matter be dismissed without prejudice.

Dismissal without prejudice is not appropriate, as Ortiz-Ramirez would be barred from refiling by the one-year statute of limitations. Thus, any dismissal would be with prejudice. Further, a petitioner's release from custody does not moot a § 2255 motion that was filed during the movant's custody. *Carafas v. LaVallee*, 391 U.S. 234, 237-39 (1968); *United States v. Payne*, 741 F.2d 887 n.2 (7th Cir. 1984). Whether upon release the movant resides in Wisconsin or Mexico should make no difference; the § 2255 case remains viable. The government's citation to *United States v. Wilson*, No. 04-2635, 2007 WL 2031277 (7th Cir. 2007), for the proposition that this case is moot is unpersuasive. The case is neither precedential nor on point. Wilson had not yet filed any § 2255 motion. *See id.* at *5. Thus, the Seventh Circuit's discussion concerned whether Wilson could file a collateral motion in the first place, not whether an already-filed motion would be moot upon his removal. Therefore, the court will address the merits.

As noted in this court's screening order, Ortiz-Ramirez alleges two grounds for relief: (1) his sentence exceeds the authorized punishment for the offense, and (2) ineffective assistance of counsel for failure to appeal and for not sufficiently objecting to the court's allegedly-illegal sentence.

Because Ortiz-Ramirez did not appeal his conviction, the government argues that he procedurally defaulted his first claim. A failure to raise issues on direct appeal bars the movant from raising them for the first time in a § 2255 proceeding unless the movant shows good cause for and prejudice resulting from that failure. *Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004); *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994).

2

Although he had the opportunity, Ortiz-Ramirez did not attempt to establish that he meets either prong of the cause-and-prejudice test. While the court permitted him to respond to the government's brief, he chose not to. Therefore, Ortiz-Ramirez loses on the procedural default issue.

Moreover, there was no prejudice, as Ortiz-Ramirez's first claim cannot succeed. Ortiz-Ramirez contends that his sentence to fifty-seven months exceeds that authorized for his offense, which he contends was two years under 8 U.S.C. § 1326(a)(2), with a guidelines sentence of six months. However, Ortiz-Ramirez is plain wrong about the statutory range for his crime. He was not convicted simply of a § 1326(a)(2) offense (which does have a two-year maximum). Instead, he was convicted of an offense under § 1326(a)(2) *and* § 1326(b)(2). Subsection (b)(2) states that notwithstanding subsection (a), in the case of an alien "whose removal was subsequent to a conviction for commission of an aggravated felony such alien shall be . . . imprisoned not more than 20 years."

Both of these two subsections were cited in the one count indictment which reads:

> THE GRAND JURY CHARGES:
> 1.	On or about April 27, 2006, in Milwaukee County, in the State and Eastern District of Wisconsin,
> ARMANDO ORTIZ-RAMIREZ,
> a/k/a Armando Ortiz
> a/k/a Jose Luis Rodriquez,
> an alien, who previously had been removed from the United States after conviction for an aggravated felony, was found in the United States in Milwaukee County, Wisconsin, without obtaining the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, for re-application for admission into the United States.
> 2.	The aggravated felony is a 1998 conviction, for oral copulation by force, in the Superior Court of California, Los

> Angeles County, in violation of California State Code, Section 288a(c).
> All in violation of Title 8, United States Code, Sections 1326(a)(2) and (b)(2).

*United States v. Ortiz-Ramirez*, No. 06-CR-190, indictment at 1-2 (filed Aug. 8, 2006).

In his plea agreement, Ortiz-Ramirez agreed to plead guilty to this count, and the plea agreement recited count one as quoted above. In addition, paragraphs 2 and 5 of the plea agreement referenced subsection 1326(b)(2) as well as subsection 1326(a)(2) of Title 8 of the U.S. Code. *United States v. Ortiz-Ramirez*, No. 06-CR-190, plea agreement ¶¶ 2, 4-5 (filed Oct. 19, 2006). Further, in his plea agreement Ortiz-Ramirez acknowledged and agreed that the offense carried a maximum term of twenty years of imprisonment. *Id.* ¶ 6. Then, at the plea hearing Ortiz-Ramirez agreed that he was convicted previously of "oral copulation" as alleged in this case. *United States v. Ortiz-Ramirez*, No. 06-CR-190, plea hr'g tr. at 22 (filed Jan. 31, 2008).

Thus, the statute under which Ortiz-Ramirez was convicted permitted a sentence of up to twenty years of imprisonment and the sentence of fifty-seven months imposed by the court is less than the statutory maximum. Hence, the sentence was legal. Further, the guideline range as determined by the court was merely advisory. *See United States v. Booker*, 543 U.S. 220 (2005).

In turning to Ortiz-Ramirez's claim of ineffective assistance of counsel, the court notes that it is not procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 509 (2003) (stating that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

To show ineffective assistance of counsel, Ortiz-Ramirez must establish that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the performance prong of the *Strickland* test, a prisoner must establish that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Judicial scrutiny is "highly deferential" and the court strongly presumes that counsel's conduct was reasonable. *Id.* at 689. Counsel's performance must be evaluated from his or her perspective at the time; hindsight should not distort the evaluation. *Id.* As for prejudice, the prisoner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Ortiz-Ramirez submits that his attorney was ineffective because he did not object to the sentence that he contends was higher than the statutory range. However, because such a sentencing argument had no chance of success, Ortiz-Ramirez's counsel was not ineffective for not raising it.

Next, Ortiz-Ramirez contends that his attorney was ineffective because he failed to file an appeal. But he failed to develop it in any brief or other submission, even after counsel for the United States suggested that he file an affidavit. All Ortiz-Ramirez says about this claim is his "attorney failed to appeal the illegal 57 month sentence." Again, because the fifty-seven month sentence was not illegal, it would have been frivolous for counsel to raise it on appeal.

After being appropriately advised by the court of his appeal rights, Ortiz-Ramirez stated that he did not want the clerk of court to file a notice of appeal. Then the court further advised that if he changed his mind, he or his attorney could file the notice of appeal within ten days. *United States v. Ortiz-Ramirez*, No. 06-CR-190, sentencing tr. at 38 (filed Jan. 31, 2008).

Significantly, Ortiz-Ramirez's motion does not state that his attorney failed to advise him about appealing or that he indicated to counsel that he was interested in appealing his sentence. Moreover, he does not assert that he told counsel to appeal and that counsel refused or failed to file the notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477-81 (2000) (discussing an attorney's failure file an to appeal). ven if Ortiz-Ramirez had made such an assertion, his claim would fail. Ineffective assistance of counsel claims may be supported by affidavits, and an evidentiary hearing is warranted only if a § 2255 movant alleges facts, supported by a detailed and specific affidavit, that would entitle him to relief. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). Even after the court permitted Ortiz-Ramirez to reply to the government's answer, Ortiz-Ramirez failed to expand his initial unsupported contentions.

For these reasons,

IT IS ORDERED that Ortiz-Ramirez's motion under 28 U.S.C. § 2255 is denied and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE